UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | LA CV16-06605 JAK (KSx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | William Graves v. AECOM, et al. | | |


| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |


**Proceedings:**     **(IN CHAMBERS) ORDER RE MOTION OF BROOKE KRYSIAK AND
WILLIAM GRAVES' MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS
AND APPROVAL OF COUNSEL (DKT. 24)**


I.     **Introduction**

On September 1, 2016, William Graves ("Graves") filed the initial complaint in this putative class action
("Complaint" (Dkt. 1)). It advances claims arising from alleged violations of §§10(b) and 20(a) of the
Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and corresponding Rule 10b-5 (17 C.F.R. §240.10b-5).
The Complaint asserts these claims against AECOM, Michael S. Burke, W. Troy Rudd, and Stephen M.
Kadenacy (collectively "Defendants"). *Id.* AECOM is a publicly traded company. The remaining
defendants are individuals who allegedly made false or misleading statements that caused an
overvaluation of AECOM shares. The putative class is defined in the Complaint as "all persons other than
Defendants who purchased or otherwise acquired common shares of AECOM between February 11,
2015 and August 15, 2016, both dates included." *Id.* ¶ 1.

On October 31, 2016, Graves and Brooke Krysiak ("Krysiak"), who is another member of the putative
class, filed a motion for their appointment as lead Plaintiffs, and for approval of class counsel ("Motion"
(Dkt. 24)). Krysiak is not a named Plaintiff in the Complaint, but joins as a member of the putative class.
On November 28, 2016, Defendants filed a notice of non-opposition. Dkt. 31. No other class member has
responded to the motion. A hearing on the Motion was held on January 23, 2017, and it was **GRANTED**,
with this written order to follow. Dkt. 38.


II.     **Analysis**

A.     **Legal Standard**

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), procedures have been
established with respect to the litigation of class actions that advance claims under the Securities and
Exchange Act of 1934. *See* 15 U.S.C. § 78u–4 (codifying the Act); *1066 S.Rep. No. 104–98, at 8–12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06605 JAK (KSx) | Date | February 8, 2017 |
| Title | William Graves v. AECOM, et al. | | |

(1995). These include procedures for the appointment of a lead plaintiff. Upon such a request, the court is to appoint as a class representative the individual who is "most capable of adequately representing the interests of class members." *Id*. The Ninth Circuit has provided the following guidelines that are to be considered in the application of this rule:

> The Act instructs district courts to select as lead plaintiff the one "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). While the words "most capable" seem to suggest that the district court will engage in a wide-ranging comparison to determine which plaintiff is best suited to represent the class, the statute defines the term much more narrowly: The "most capable" plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.
>
> The Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria. The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A). The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).
>
> In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff"-and hence the presumptive lead plaintiff-the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy." If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff. If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23.
>
> The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23' s typicality and adequacy requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In seeking evidence that could rebut the presumptive lead plaintiff's showing on these points, other plaintiffs may be allowed to conduct discovery if they "demonstrate[ ] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv).

*In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | LA CV16-06605 JAK (KSx) | Date | February 8, 2017 |
|---|---|---|---|
| Title | William Graves v. AECOM, et al. | | |


### B.    Application

#### 1.    Whether Krysiak and Graves Should Be Appointed Lead Plaintiffs

On September 1, 2016, Krysiak and Graves published a notice of this action in *Globe Newswire*. Dkt. 26-1. The notice stated that the action was pending and described the claims made as well as the alleged time period to which they apply. It also stated: "If you are a shareholder who purchased AECOM securities during the Class Period, you have until October 31, 2016 to ask the Court to appoint you as Lead Plaintiff for the class." *Id.* It then set forth instructions for obtaining a copy of the Complaint. *Id.* The evidence presented shows that Krysiak and Graves have met the publication requirement of the PSLRA.

Krysiak and Graves also assert that, based on available evidence, they have the largest financial interests of any known member of the putative class. In support of this position, it is stated that "[d]uring the Class Period, Krysiak and Graves (1) purchased 250 AECOM shares; (2) expended $8,471 on their purchases of AECOM stock; (3) retained all of their AECOM shares; and (4) as a result of the revelations of the fraud, suffered a loss of $797. Dkt. 25 at 11. They add that, because there are no other putative class members who are seeking to be approved as a Lead Plaintiff, they necessarily have the largest financial interest of any potential Lead Plaintiff. Therefore, they argue that they are entitled to the rebuttable presumption that they are most adequate to serve as Lead Plaintiffs.

Krysiak and Graves have also made a sufficient prima facie showing as to the remaining requirements of Fed. R. Civ. P. 23. This includes the predominance and typicality requirements. Krysiak and Graves state that each purchased AECOM securities during the relevant time period, that they paid allegedly artificially inflated prices due to misrepresentations or omissions by Defendants, and that they each suffered corresponding damage due to the post-purchase decline in the value of the securities once these misrepresentations and omissions were disclosed. There is no evidence or argument that either Krysiak or Graves will be unable to represent the class adequately if it is certified. Finally, as noted, no other putative class member has objected to their appointment.

The Motion is also supported by the declaration of their counsel, Jennifer Pafiti ("Pafiti"). It affirms the foregoing matters, and presents copies of the relevant news publication, shareholder certifications and a chart detailing the alleged losses. Dkt. 26.

In light of the above, Krysiak and Graves have established their eligibility to serve as Lead Plaintiffs in this action. Therefore, the Motion is **GRANTED**. This holding is without prejudice to any later review of the issue should new evidence be timely and properly presented.


#### 2.    Whether Pomerantz Should Serve as Lead Counsel

The PSLRA allows the Lead Plaintiff to select Lead Counsel, subject to the approval of the district court. 15 U.S.C. § 78u-4(a)(3)(B)(v). A district court should interfere with such a selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Krysiak and Graves have selected Pomerantz LLP ("Pomerantz") to act as lead counsel. Evidence has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06605 JAK (KSx) | Date | February 8, 2017 |
|----------|--------------------------|------|------------------|
| Title | William Graves v. AECOM, et al. | | |

been presented as to the expertise and experience that Pomerantz has in representing plaintiffs in class action proceedings similar in type and scope to this one. They have also submitted general information about the background and experience of the attorneys at the firm, including those who have been presently designated to serve as counsel in this action. Dkt. 26-4. This evidence is sufficient to establish that Pomerantz may be designated as counsel under the standards of the PSLRA.

**III.     Conclusion**

For the foregoing reasons, the Motion is **GRANTED**.

**IT IS SO ORDERED.**

_____   :  _____

Initials of Preparer    ak